UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HONGBO SHAO, JIANRONG GUO, WENWEI FAN, DONGHUI DENG, GUANGFENG LUO, GANG SUN, YU ZHANG, HONG ZHANG, YIPING WU, BEILIN HE, RUIZHE JIANG, WU LIU, DONGMEI HAN, WEI ZHANG, YANYAN LI, BING LI, DONG SU, SHAOHUA SUN, BO PENG, LIQIANG SUN, QI DENG, RUI HU, PING CHEN, XIA LI, JINGYUAN ZHANG, HUA JIANG, JING JIANG, JIAWEN JIANG, CHENGLONG JIANG, ZHAOXIN ZHENG, YUQIN ZHAO, JIACHENG REN, WENJIE LIU, and YANLU LIU, individually and on behalf of a class of other similarly-situated persons,<br><br>      Plaintiffs,<br><br>v.<br><br>SEROFIM MUROFF; RAYMOND KU; WINNER XING; DEBRA L. RIDDLE; RICHARD K. GETTY; JERRY R. BARNETT; BLACKHAWK MANAGER, LLC; EQUITY RECAP ACCOUNT, LLC; IDAHO STATE REGIONAL CENTER, LLC; BLACKHAWK GOLD, LLC; IDAHO STATE GOLD COMPANY, LLC; THE R.K. GETTY CORPORATION; BLACKHAWK ON THE RIVER, LLC D/B/A BLACKHAWK MATERIAL SUPPLY; LEMHI GOLD TRUST, LLC; THE MCCALL ASSOCIATES LLC; CRANBERRY RIDGE LLC; DESERT ROSE CAPITAL MANAGEMENT, INC.; WESTLEAD CAPITAL INC. D/B/A WESTLINK OR WEST LINK; WORLDWAY GROUP; and DOES 1-10.<br><br>      Defendants. | Case No. 1:18-cv-00295-BLW<br><br>PROTECTIVE ORDER |

The Court having reviewed the Stipulation for Protective Order of the parties, and good cause appearing therefor;

IT IS HEREBY ORDERED that the following procedures shall be used in this action for the protection of the parties against the improper disclosure or use of confidential information produced in discovery or filed with the Court:

1. CATEGORIES OF CONFIDENTIAL INFORMATION

For the purpose of this Protective Order, there shall be one category of confidential information as follows: a document, court filing, response to interrogatory or request for production or request for admission, or testimony of a witness may be designated by a party as "CONFIDENTIAL" if, in the discretion of the producing or testifying party, it is determined in good faith to contain non-public information of a competitively sensitive, proprietary, financial, or trade secret nature, or to involve the privacy interests of the parties or third-parties.

2. DESIGNATION OF INFORMATION PRODUCED

a. Any answers, responses or documents deemed CONFIDENTIAL under Paragraph 1 by the producing party shall be marked or stamped by the producing party as "CONFIDENTIAL."

b. Stamping or marking material as set forth in Paragraph 2(a) above shall constitute certification by the producing party that it reasonably believes good cause exists to so designate the material pursuant to the terms of this Protective Order.

3.   DEPOSITIONS

   a.   If CONFIDENTIAL information is marked as a deposition exhibit, such exhibit shall retain its designated status and, if filed, shall be filed under seal.

   b.   During any deposition, counsel for the producing party may request that any portions of the deposition or deposition exhibits also be treated as CONFIDENTIAL. The room in which the deposition is being taken shall, at the request of the producing party, be closed in accordance with the restrictions of Paragraph 4 below. The presence of persons not entitled to attend a deposition pursuant to this paragraph shall constitute justification for counsel to the producing party to advise or instruct the witness not to answer.

   c.   Upon receipt, all deposition transcripts and the exhibits thereto shall be treated initially as CONFIDENTIAL in their entirety until fifteen (15) days after receipt of the transcript, unless the parties expressly agree in writing otherwise. Within fifteen (15) days after receipt of the transcript, any party may designate portions of a deposition transcript as CONFIDENTIAL. The designation shall be accomplished by a letter to all other parties and the court reporter listing the pages, lines, and exhibits constituting CONFIDENTIAL information and the category of confidentiality. If the producing party previously designated portions of testimony as CONFIDENTIAL during the deposition, the producing party is not required to redesignate those portions of the transcript during the fifteen (15) days period unless the producing party elects to change the designation.

   d.   The pages of the transcript designated as containing CONFIDENTIAL information and the numbers (but not the descriptions) of the deposition exhibits designated as constituting CONFIDENTIAL information shall be appropriately noted on the front of the original deposition transcript and identified with the appropriate category as set forth in Paragraph 1 above.

Those designated pages and exhibits shall be separately bound in one or more volumes as appropriate and marked as set forth in Paragraph 2(a) above. To facilitate this requirement, the party seeking specific designation of a deposition transcript shall ensure that a copy of the Protective order is provided to the court reporter.

      e.    Failure to designate testimony as CONFIDENTIAL either at a deposition or within fifteen (15) days after receipt of the transcript shall be deemed a waiver of the right to designate such testimony as CONFIDENTIAL information, but shall not affect the status of any other information, whether or not closely related.

      f.    Documents and any other materials containing CONFIDENTIAL information may be shown to the witnesses set forth in Paragraph 4(c) below to examine or cross-examine the witness during a deposition or trial in circumstances only where the disclosure of such information is relevant to the subject of examination, but the witness shall not be permitted to view such materials in advance of the deposition or trial or to retain any such documents or things or any copies thereof after the deposition or trial (except for the purpose of reviewing the transcript of his or her deposition in connection with its correction or execution), unless the witness is otherwise authorized under Paragraph 4 hereof to receive such information.

    4.    "CONFIDENTIAL" RESTRICTIONS

Information designated as CONFIDENTIAL shall not be disclosed, except by prior written consent of the producing party or pursuant to further order of this Court, to any person or entity other than:

      a.    The attorneys of record for the receiving party and the employees and associates of the receiving party's attorneys who are involved in the conduct of this action.

b. Officers of the Court and supporting personnel or officers of any appellate court to which an appeal may be taken or in which review is sought, including necessary stenographic and clerical personnel (e.g., court reporter).

c. Trial or deposition witnesses, subject to the provisions of Paragraph 3(f) above.

d. Independent experts and consultants retained by the receiving party's attorneys for purposes of assisting in this litigation; provided, however, that such expert or consultant shall execute the undertaking set forth in Paragraph 5 below.

e. A party or the agents, officers, or employees of a party; provided, however, that any such agent, officer or employee shall execute the undertaking set forth in Paragraph 5 below.

5. UNDERTAKING

No disclosure of any CONFIDENTIAL information shall be made to any person, other than those specified in Paragraphs 4(a) – (e), as applicable, unless the person to whom disclosure is to be made has signed, prior to any disclosure of confidential information, an undertaking in the form attached to this Protective Order as **Appendix A** and titled "Acknowledgement of Protective Order." The receiving party shall promptly provide the producing party with a copy of all executed undertakings.

6. SUBMISSION TO THE COURT

a. All CONFIDENTIAL information, and any pleading or other paper containing CONFIDENTIAL information filed with this Court, shall be filed in a sealed envelope marked with the caption of this case, the title of the pleading or other paper, and a notice substantially as follows:

> CONFIDENTIAL – Filed Under Seal Pursuant to Protective Order. This envelope may be opened only by direction of the Court or by written consent of [name of producing party].

Where possible, only CONFIDENTIAL portions of filings with the Court shall be filed under seal. The producing party shall identify on a document-by-document, page-by-page, or section-by-section basis, as appropriate, the specific CONFIDENTIAL portions so as to facilitate maximum disclosure of non-confidential portions to the receiving party. At trial, exhibits containing CONFIDENTIAL information shall, at the discretion of the producing party and with the permission of the Court, be filed under seal.

      b.    If, through inadvertence or otherwise, CONFIDENTIAL information is filed with the Court without the appropriate notice, the person responsible for the disclosure shall immediately bring such disclosure to the attention of counsel for all parties and to the Court and shall make every effort to prevent further disclosure.

      7.    OBJECTION TO DESIGNATION

Any party may contest the designation of any document or information as CONFIDENTIAL. In the event of a dispute regarding the designation of a document, the receiving party shall be responsible for filing an objection with the Court within a reasonable time, not to exceed sixty (60) days of the receiving party's receipt of such document or information to seek an Order allowing disclosure. Until the Court rules on any motion filed by the receiving party seeking to allow disclosure, the document or information shall be treated according to the designation. If the receiving party fails to file a motion with the Court seeking to prohibit disclosure within the sixty (60) day period, the objection shall be waived, and the document or information shall be treated as designated. The producing party and receiving party shall confer in good faith to resolve any such disagreements.

8.  DISCLOSURE

a.  If, through inadvertence, the producing party provides any material containing CONFIDENTIAL information during the court of this litigation without designating the material as set forth in Paragraph 2 above, the producing party may subsequently inform the receiving party in writing of the confidential nature of the material and specify the designation that should be applied to the material. The receiving party shall thereafter treat the disclosed material in accordance with this Protective Order to the extent that the receiving party has not already disclosed the material.

b.  In the event that any person in receipt of CONFIDENTIAL information originating with another party shall receive a written request, subpoena, or court order seeking disclosure of the CONFIDENTIAL information, such person shall promptly provide a copy of the request, subpoena, or court order to counsel for the producing party.

c.  If material containing CONFIDENTIAL information is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all parties, without prejudice to other rights and remedies of any party, and shall make every effort to prevent further disclosure.

9.  LIMITATION ON USE AND SURVIVAL

a.  Any CONFIDENTIAL information made available during the course of this action shall be used solely for the purposes of this action and shall not be disclosed or used by the recipients for any business, commercial, or competitive purpose whatever.

b. All obligations and duties arising under this Protective Order shall survive the termination of this action. This Court retains jurisdiction over the parties respecting any dispute regarding the improper use of information disclosed under protection of this Protective Order.

10. PRODUCING PARTY'S USE

Nothing in this Protective Order shall limit any party or person in the use of its own documents, things, or information for any purpose; from disclosing its own confidential information to any person; or from consenting to disclosure of its own confidential information by the receiving party.

11. INDEPENDENT SOURCE

This Protective Order does not prohibit the use or disclosure of confidential material obtained from an independent source even if such material is designated as CONFIDENTIAL information under this Protective Order. Where such information is obtained from another source, the specific materials provided by the producing party shall be maintained as CONFIDENTIAL. The restrictions on use and disclosure set forth in this Protective Order shall not apply to information that, prior to being obtained by the receiving party pursuant to this Protective Order, either is in the possession of the receiving party and is not subject to any pre-existing confidentiality limitation or is demonstrably public knowledge. Furthermore, the restrictions, uses, and disclosures set forth in this Protective Order shall not apply to information that, after being obtained by the receiving party pursuant to this Protective Order, becomes demonstrably public knowledge other than by act or omission by the receiving party.

12. RETURN

At the conclusion of this action, the producing party shall meet and confer with the receiving party to discuss the return or destruction of all tangible CONFIDENTIAL information, and all copies of CONFIDENTIAL information or any derived summaries, memoranda, or other records containing CONFIDENTIAL information. Unless otherwise agreed to by the parties, all confidential information shall, at the receiving party's option, either be destroyed or returned to counsel for the producing party; except that counsel for each party may retain for one year after the completion of this litigation one archival copy of each such document for reference in the event of a dispute over the use or dissemination of information designated as CONFIDENTIAL, and may retain documents, things, copies, or samples to the extent that they include or reflect such counsel's work product. The obligation to destroy or return all CONFIDENTIAL information extends to all CONFIDENTIAL information disclosed to any person as authorized by this Protective Order, including any person who signed an undertaking pursuant to Paragraph 5 above. Moreover, the obligation to destroy or retain CONFIDENTIAL information shall include the return or destruction/deletion of any electronically stored information.

13. PROTECTION OF THIRD PARTIES

Any entity that is not a party to this litigation may take advantage of the protection of CONFIDENTIAL information provided pursuant to this Protective Order, and such entity shall be entitled to all rights and protections afforded the producing party under this Protective Order.

14. MODIFICATION OF PROTECTIVE ORDER

The terms of this Protective Order may only be modified by further Order of the Court.

IT IS SO ORDERED.



DATED: February 6, 2019

_____
B. Lynn Winmill
U.S. District Court Judge